IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01684-RM-MJW

GREGORY REICH and
LYNN REICH, his wife;
Individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

GENZYME CORPORATION,
ACCREDO HEALTH GROUP, and
CURASCRIPT, INC.,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint (docket no. 93) is **DENIED** for the following reasons.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993))

Motions to amend should be denied where there is undue delay. Minter v. Prime Equip. Co., 451 F.3d 1196, 1205-06 (10th Cir. 2006) ("[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'") (quoting Frank, 3 F.3d at 1365-66)); Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1495 (10th Cir. 1995) ("Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay.). No finding of prejudice to the opposing party is required. See Woolsey v. Marion Labs, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).

Here, I find that the **Background and Procedural History** portion of Defendants' Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint (docket no. 96) at pages 1 through 3, inclusive, is accurate and is incorporated by reference into this Order. Under the procedural posture of this case, I find that the subject motion (docket no. 93) is **untimely**. Plaintiffs have had multiple opportunities to

amend their Complaint and have failed to explain adequately to this Court why the amendments sought in the Third Amended Complaint could not have been plead in the Second Amended Complaint (docket no. 80) which is the current operative pleading. Thus, I find **undue delay** by Plaintiffs in moving to amend their Complaint for, *in essence*, a fourth time.  Moreover, I find that Defendants would suffer **undue prejudice** if this Court allows the Third Amended Complaint to be filed at this late date, noting that this case has been pending since June 17, 2014.  *See* docket no. 1. Furthermore, this Court has already ruled on previously-filed Motions to Dismiss (docket nos. 43 and 44). *See* Report and Recommendation by Magistrate Judge Watanabe (docket no. 73) dated August 14, 2015, and Judge Moore's Order Modifying in Part and Accepting in Part the Report and Recommendation by Magistrate Judge Watanabe dated October 7, 2015 (docket no. 78).  Furthermore, Defendant Genzyme Corporation has filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 16(b)(2) & 23(d)(1)(D), or, Alternatively, Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) and Memorandum in Support Thereof (docket no. 89) *[regarding the Second Amended Complaint filed on October 23, 2015 -  docket no. 80]* filed on November 24, 2015, that is currently pending.  For all of these reasons, the subject motion (docket no. 93) should be denied.

It is **FURTHER ORDERED** that Defendants' Motion for a Status Conference (docket no. 94) is **DENIED** as **MOOT** based upon this Court's ruling on the above subject motion (docket no. 93).

Date: January 14, 2016